UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETTY TATE o/b/o Julian L. Tate,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Civil Action No.
04-CV-70115-DT

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER ACCEPTING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

       This matter is presently before the court on cross motions for summary judgment. Magistrate Judge Mona K. Majzoub submitted a report and recommendation in which she recommends that the court deny plaintiff's motion and grant defendant's motion. Plaintiff filed timely objections to this recommendation and defendant responded to plaintiff's objections.

       The court reviews de novo those portions of the magistrate judge's report and recommendation to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). For the reasons stated below, the court shall deny plaintiff's objections, accept the report and recommendation, deny plaintiff's motion for summary judgment, and grant defendant's motion for summary judgment.

       In reviewing a denial of social security disability insurance benefits, the court's role is limited under 42 U.S.C. § 405(g), to determining whether defendant's decision is supported by substantial evidence. In making this determination, the court does not review the evidence de novo, and it may not weigh the evidence or make credibility findings. If supported by substantial evidence, defendant's decision must be upheld even if substantial evidence also would have

supported a contrary decision, and even if the court might have decided the case differently in the first instance.

In this case, Betty Tate seeks childhood Supplemental Security Income ("SSI"), on behalf of her minor son, Julian Tate ("plaintiff"). Plaintiff claims that he is disabled due to attention deficit hyperactivity disorder ("ADHD") and borderline intellectual functioning. Plaintiff's application for SSI was denied initially, on reconsideration, and by an Administrative Law Judge ("ALJ") following a hearing. The Social Security Appeals Council refused to review the ALJ's decision and plaintiff commenced the instant action.

The evidence in this matter is fully summarized in the magistrate judge's report and recommendation, the parties' summary judgment motions, and the ALJ's decision. Therefore, the evidence need not be fully repeated here. Briefly, plaintiff Tate was born on October 26, 1991, and he was eight years old when his mother applied for SSI benefits on his behalf. At the time of the administrative hearing, plaintiff met with a therapist every two weeks, and he was taking Ritalin, Zoloft, and Depakote to control his symptoms. Tr. 200. Testimony at the hearing established that plaintiff experienced behavior and learning problems. Tr. 128-235. Although plaintiff attended the second grade, he functioned at a kindergarten level and he was suspended from school several times. Plaintiff's teachers reported that he had difficulty concentrating and interacting with the other students. Tr. 89-90.

Medical evaluations and testimony indicated that plaintiff suffered from broad functional limitations in cognitive, communicative, and social functioning. Tr. 101-104; 112-115. Plaintiff scored 50 on a Global Assessment of Functioning test indicating a serious impairment, or serious symptoms pertaining to social, occupational, and school functioning. Plaintiff's Wechsler

Intelligence tests revealed a full scale IQ score of 76, rendering him in the "borderline range," for intellectual functioning.  Tr. 95-96.

After considering all of the evidence and hearing the testimony, including reports by claimant's mother, teachers, and doctors, the ALJ concluded that Tate was not disabled within in the meaning of the Social Security Act.  The record confirmed "some cognitive, social, and concentration and persistence problems."  Tr. 23.  However, plaintiff's impairments, "either alone or in combination, were not functionally equivalent to the requirements of the listed impairments in Appendix 1 of 20 C.F.R. pt. 404, subpt. P, Appendix 1; 20 C.F.R. § 416.920(f)."  See Tr. 11-24.

Plaintiff and defendant's cross motions for summary judgment request that the court determine whether the ALJ's denial of social security benefits was supported by substantial record evidence.  The magistrate judge recommends that the court uphold the ALJ's findings.

Plaintiff generally objects to the magistrate judge's report and recommendation that substantial evidence supported the conclusion that his cognitive impairments and impulsive, hyperactive, and inattentive actions were severe, but not medically or functionally equivalent to the listed impairments set forth in the regulations.  See 20 C.F.R. § 404, Subpart P, Appendix 1.2 C.F.R. § 416.924(d).  See also Report and Recommendation at 8-11.  The relevant medical listings for plaintiff's conditions are § 112.05 for mental retardation and § 112.11 for ADHD.

Plaintiff's objections lack merit because both the ALJ and the magistrate judge reviewed the evidence presented by plaintiff in great detail.  The ALJ's findings were sufficiently specific to support the conclusion that plaintiff was not impaired to the point of disability due to mental retardation or ADHD.  Further, plaintiff's objections are nearly identical to the arguments set forth in the brief in support of plaintiff's motion for summary judgment.

"Plaintiff has the ultimate burden of establishing the existence of a disability." <u>Casey v. Secretary of Health and Human Services</u>, 987 F.2d 1233 (6th Cir. 1993). In order to qualify for childhood SSI, plaintiff must establish that he suffers from a medically determinable physical or mental impairment, resulting in marked and severe functional limitations. <u>See</u> 42 U.S.C. § 1382c(a)(3)(C)(I). "A claimant must demonstrate that [the] impairment satisfies the diagnostic description for the listed impairment in order to be found disabled hereunder." <u>Foster v. Halter</u>, 279 F. 3d 348, 354 (6th Cir. 2001).

Plaintiff objects to the magistrate judge's recommendation that substantial evidence established that plaintiff's impairments do not meet or equal subsection D or subsection E in the listings of § 112.05. Sections D and E of the listings generally require that claimant demonstrate: (1) significant or marked sub-average intellectual or cognitive capabilities; and (2) a separate, distinct condition which places further significant limitations on him. <u>See</u> Report and Recommendation at 10.

Specifically, plaintiff objects to the magistrate judge's adoption of the ALJ's "same absurd reasoning" and failure to question the validity of plaintiff's verbal IQ score of 64. Obj. at 1-4. Plaintiff's verbal IQ score of 64 is the primary evidentiary basis for plaintiff's assertion that he is disabled and entitled to SSI benefits. Plaintiff contends that his verbal IQ score is an impairment which medically equals the listings in § 112.05 because it falls within **the range listed in subsections D and E of § 112.05.**

**The court rejects this objection because the ALJ properly questioned the validity of plaintiff's IQ scores, and the magistrate judge's report and recommendation also thoroughly analyzed the ALJ's conclusions, regarding plaintiff's IQ scores. As the report and**

recommendation states:

> [p]laintiff argues that the "ALJ never questioned the validity of this score . . . .To the contrary, the ALJ does address the validity of the test score stating: "The undersigned further notes while claimant recently obtained a verbal IQ score of 64, that the claimant's school records do not indicate that claimant functions at that low of a level . . . ."The ALJ also properly relied on . . . psychological evaluations . . . . [which] assessed a verbal IQ score of 77, a performance IQ score of 78 and a full scale IQ of 76 . . . .These scores, according to Dr. Joenig-Forbis, fall in the borderline range of intellectual abilities. Dr. Koenig-Forbis also noted that Plaintiff's academic scores were commensurate with the IQ scores. Dr Tien . . . concurred with these findings.

Report and Recommendation at 11-12. For these reasons, the magistrate judge properly concluded that substantial evidence indicated that plaintiff's verbal IQ score was only an indication of a learning disability, and not an indication of mental retardation. No evidence, other than the 64 verbal IQ score was produced to draw a conclusion that plaintiff was disabled due to mental retardation.

The court finds that the magistrate judge did not "uncritically adopt[]" defendant's conclusion that plaintiff was not mentally retarded nor disabled. Obj. at 3. Substantial evidence and case law supports the magistrate judge's careful analysis and recommendation in this matter. Therefore, both the ALJ and the magistrate judge properly concluded that although plaintiff was diagnosed as borderline intellectual functioning, he was never diagnosed with mental retardation.

Plaintiff also objects to the ALJ's conclusion that his ADHD was not disabling since it did not meet or functionally equal the criteria of listing § 112.05, which the magistrate judge "uncritically accepted." Obj. at 6. The eport and recommendation contained a detailed

5

analysis of § 112.11.  See Report and Recommendation at 12-16.  Plaintiff's objections do not point to a specific error in the magistrate judge's report and this court adopts that report and recommendation in its entirety because the evidence shows that the ALJ's conclusions pertaining to plaintiff's ADHD were based on substantial evidence.

The ALJ reviewed the medical record and found that although "there is some indication of inattention, impulsiveness and hyperactivity, none of these characteristics are markedly or persistently displayed." Tr. 17.  This conclusion is supported by the psychological evaluation performed by Dr. Koenig-Forbis, who noted that while plaintiff was often distracted, he was easily redirected.  Moreover, this observation was made before plaintiff began taking Ritalin, which the record indicates has positively impacted plaintiff's behavior.  Further, in a report prepared by plaintiff's teacher, Jennifer Ponton, she noted that after plaintiff began taking his Ritalin he was able to work somewhat independently and was "finally feeling a sense of belonging and accomplishment." Tr. 89-90.  Therefore, the ALJ's conclusion that plaintiff failed to meet the listings of § 112.11, was supported by both the hearing testimony and the documents included in the record.

The court has throughly reviewed the entire administrative record, the magistrate judge's report and recommendation, and the parties' briefs.  Despite plaintiff's complaints of severe disability and severe impairments, the court is persuaded that defendant's decision denying SSI is supported by substantial evidence.  Accordingly,

IT IS ORDERED that Magistrate Judge Majzoub's Report and

Recommendation is accepted and adopted in its entirety as the findings and conclusions of the court.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment is denied.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment is granted.

S/Bernard A. Friedman

_____
**BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE**

**Dated: April 18, 2005
         Detroit, Michigan**